ORRICK, HERRINGTON & SUTCLIFFE LLP
TIMOTHY J. LONG (STATE BAR NO. 137591)
TINA M. TRAN (STATE BAR NO. 186529)
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY WEAVER, individually and on behalf of all current and former employees of HALLMARK MARKETING CORPORATION,<br><br>         Plaintiffs,<br><br>      v.<br><br>HALLMARK MARKETING CORPORATION, a Corporation Conducting Business in California; and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO. 2:08-CV-02341-WBS-DAD<br><br>STIPULATION AND [~~PROPOSED~~] ORDER TO TRANSFER (28 U.S.C. § 1404) |

OHS West:260549541.1

STIPULATION AND [PROPOSED] ORDER TO TRANSFER

**STIPULATION TO TRANSFER**

This stipulation is entered into between Plaintiff Beverly Weaver ("Weaver") and Defendant Hallmark Marketing Corporation ("Hallmark") subject to the following recitals:

1. On July 1, 2008, an action was initiated in the United States District Court, Central District of California, now entitled *Rochelle Ingalls v. Hallmark Marketing Corporation* ("Ingalls"), Case No. CV08-04342 VBF (Ex), pending before United States District Judge Valerie Baker Fairbank.

2. The Plaintiff in *Ingalls* alleges wage and hour claims similar to those asserted in the above-captioned action, and purports to represent a class of Hallmark employees.

3. On August 14, 2008, an action was initiated in the United States District Court, Central District of California, entitled *Nikki Fuzell v. Hallmark Marketing Corporation* ("Fuzell"), Case No. CV08-05330 VBF (FFMx), pending before United States District Judge Valerie Baker Fairbank.

4. The Plaintiff in *Fuzell* also alleges wage and hour claims similar to those asserted in the above-captioned action and in *Ingalls*, and purports to represent a class of Hallmark employees.

5. While the claims and allegations in *Ingalls* and *Fuzell* are not identical, they are substantially similar. Both complaints seek relief on behalf of a class of current and former non-exempt Hallmark employees for so-called "off the clock" hours allegedly worked, business expenses, and meal and rest periods. As a result of these similarities, Judge Fairbank consolidated the two actions for all purposes on October 6, 2008.

6. The claims and allegations in the above-captioned action, initiated on July 3, 2008, are also substantially similar to those in *Ingalls* and *Fuzell*. The instant plaintiff also seeks the certification of a class of current and former non-exempt Hallmark employees, and has alleged claims for "off the clock" hours allegedly

1   worked and business expenses.

2       7.  For the convenience of parties and witnesses, and in the interest of justice,

3   Weaver and Hallmark seek the transfer of this action to the United States District

4   Court, Central District of California.  28 U.S.C. § 1404(a).

5       8.  Transfer of this action is proper because the Central District of California

6   is "a district… where it might have been brought."  28 U.S.C. § 1404(a).

7       9.  A diversity action may be brought in "a judicial district where any

8   defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(a).

9   The only defendant in this action is Hallmark, a corporation.  For purposes of

10  venue, "a defendant that is a corporation shall be deemed to reside in any judicial

11  district in which it is subject to personal jurisdiction."  28 U.S.C. § 1391(c).

12      10.  On the face of the complaint, Hallmark is subject to personal jurisdiction

13  in this action in the Central District of California.  *See, e.g., Int'l Shoe v. Wash.*, 326

14  U.S. 310, 319 (1945) (defendant's minimum contacts with forum gave forum

15  jurisdiction over defendant); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437,

16  446-47 (1952) ("substantial… continuous and systematic" contacts of defendant to

17  forum confer jurisdiction).

18      11.  Transfer of this action will serve the convenience of parties and

19  witnesses, and is in the interest of justice, because it can be more inexpensively and

20  expeditiously resolved in the same forum in which *Ingalls* and *Fuzell* are pending.

21      12.  When two cases are simultaneously pending in different District Courts,

22  permitting such a situation would lead "to the wastefulness of time, energy and

23  money that Section 1404(a) was designed to prevent."  *Ferens v. John Deere Co.*,

24  494 U.S. 516, 531 (1990), *quoting Continental Grain Co. v. Barge FBL-585*, 364

25  U.S. 19, 26 (1960).

26      13.  The transfer of this action will promote judicial economy and avoid the

27  risk of inconsistent results by providing for the resolution of these related actions

28  before the same District Court.  Even if the cases are ultimately not consolidated,

1  the law still favors the resolution of related actions within the same District.  *See*

2  *Fairfax Dental Ltd. v. S.J. Filhol Ltd.*, 645 F. Supp. 89, 92 n.2 (E.D.N.Y. 1986);

3  *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1313 (N.D. Ill. 1993).

4      14.  Removed actions may be transferred.  *Hatch v. Reliance Ins. Co.*, 758

5  F.2d 409, 413-14 (9th Cir. 1985).

6      Plaintiff Beverly Weaver and Defendant Hallmark Marketing Corporation,

7  by and through their attorneys, hereby enter this stipulation and jointly request that

8  this action be **TRANSFERRED** to the United States District Court for the Central

9  District of California.

10

11  Dated:   November _12, 2008        GRACE HOLLIS AND HANSON
                                        KIRK D. HANSON
12

13

14                                      /s/
                                        _____
15                                      Kirk D. Hanson
                                        Attorneys for Plaintiff
16                                      Beverly Weaver

17  Dated:   November _12, 2008        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        TIMOTHY J. LONG
18                                      TINA M. TRAN

19

20

21                                      /s/
                                        _____
22                                      Timothy J. Long
                                        Attorneys for Defendant
23                                      Orrick, Herrington & Sutcliffe LLP

24

25

26

27

28

OHS West:260549541.1                    - 3 -

STIPULATION AND [PROPOSED] ORDER TO TRANSFER

KCP-1634039-1

1

## <u>ORDER</u>

2      Having considered the stipulation of the parties, and having weighed the

3 factors at issue in this case, the Court finds that this action is appropriate for

4 transfer to the United States District Court for the Central District of California.

5      Actions may be transferred "[f]or the convenience of parties and witnesses,

6 in the interest of justice." 28 U.S.C. § 1404(a). Here, having balanced the

7 competing interests, the Court finds that justice requires the transfer of this action.

8      The interest in transferring this case to the Central District of California is

9 substantial. Two consolidated actions, *Ingalls* and *Fuzell*, are pending before

10 United States District Judge Valerie Baker Fairbank in the Central District of

11 California. These two actions were consolidated because of their similar character.

12 Both *Ingalls* and *Fuzell*, like this action, are putative class actions in which a

13 plaintiff alleges wage and hour claims against Hallmark. The three actions each

14 allege "off-the-clock" wage claims and business expense indemnification claims.

15 Each plaintiff seeks the certification of a class of current and former non-exempt

16 Hallmark employees. The *Ingalls* complaint was filed before the instant action was

17 commenced. This factor favors the transfer of this case to the forum in which

18 *Ingalls* is pending. *See, e.g., Church of Scientology of Cal. v. United States Dept.*

19 *of Army*, 611 F.2d 738, 750 (9th Cir. 1979); *Northwest Airlines, Inc. v. American*

20 *Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

21      Furthermore, judicial economy will be served by the transfer of this action,

22 because the three cases can be more inexpensively and expeditiously resolved if all

23 are pending before the same District Court. When two cases are simultaneously

24 pending in different District Courts, permitting such a situation would lead "to the

25 wastefulness of time, energy and money that Section 1404(a) was designed to

26 prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990), *quoting*

27 *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). Finally, a

28 transfer of this action will help to avoid inconsistent results.

OHS West:260549541.1            - 4 -

1    Transfer of this action to the Central District of California is proper because

2 that is "a district... where [the action] might have been brought."  28 U.S.C. §

3 1404(a).  A diversity action may be brought in "a judicial district where any

4 defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(a).

5 The only defendant in this action is Hallmark, a corporation.  For purposes of

6 venue, "a defendant that is a corporation shall be deemed to reside in any judicial

7 district in which it is subject to personal jurisdiction."  28 U.S.C. § 1391(c).  On the

8 face of the complaint, it therefore appears that Hallmark is subject to personal

9 jurisdiction in this action in the Central District of California either under "specific"

10 or "general" jurisdiction analysis.  *See, e.g., Int'l Shoe v. Wash.*, 326 U.S. 310, 319

11 (1945) (defendant's minimum contacts with forum gave forum jurisdiction over

12 defendant); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446-47 (1952)

13 ("substantial... continuous and systematic" contacts of defendant to forum confer

14 jurisdiction).

15    For these reasons, it is in the interest of justice to transfer this action to the

16 District Court in which *Ingalls* and *Fuzell* are already pending.

17    IT IS HEREBY ORDERED that this action be transferred to the United

18 States District Court for the Central District of California.

19

20 Dated:  November 12, 2008

21

22 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO TRANSFER

KCP-1634039-1