1  TIMOTHY J. LONG (SBN 137591) - tjlong@orrick.com
2  TINA M. TRAN (SBN 186529) - ttran@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  777 South Figueroa Street, Suite 3200
4  Los Angeles, CA 90017
   Telephone: 213-629-2020
5  Facsimile: 213-612-2499

6  Attorneys for Defendant
7  HALLMARK MARKETING CORPORATION

FILED
CLERK, U.S. DISTRICT COURT
JAN 13 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE INGALLS, suing individually and on behalf of all others similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware corporation, and defendants DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>NIKKI FUZELL, an individual, on behalf of herself, all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware corporation with its principal place of business in the State of Missouri,<br>Defendants.<br><br>BEVERLY WEAVER et al., Plaintiffs,<br>v.<br>HALLMARK MARKETING CORP.,<br>Defendants. | No.: CV08-04342 VBF (Ex) c/w<br>No.: CV08-05330 VBF (FFMx)<br>AND<br>No.: CV08-07481 VBF (Ex)<br><br><u>CLASS/COLLECTIVE ACTION</u><br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

OHS West:260580308.1

## **PROTECTIVE ORDER**

Good cause appearing, the Court hereby approves and enters this Protective Order relating to discovery, use and disclosure in this action of confidential, proprietary, or trade secret information or materials.

WHEREAS the parties anticipate that discovery in this action may result in the disclosure of certain confidential, proprietary, and/or trade secret material;

WHEREAS the disclosure of such information may harm the parties and may place them at a competitive disadvantage with respect to competitors;

WHEREAS the parties anticipate that the public interest in obtaining certain information may be minimal to nonexistent;

WHEREAS the parties' interest in protecting this information may be significant and may outweigh the public's need to obtain such information;

WHEREAS the parties wish to establish a method for disclosure in order to secure the just, speedy, and inexpensive determination of this action that is contemplated by the Federal Rules of Civil Procedure; and,

WHEREAS, the parties wish to prevent the public disclosure of any aforementioned confidential information, by controlling the distribution of, access to and use of such information and materials;

IT IS HEREBY STIPULATED AND AGREED by and among the parties, through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action that, in order to preserve the confidentiality of information produced by either party and to facilitate the exchange of information, the present Stipulation and [Proposed] Protective Order (the "Protective Order") shall govern this action.

1. **Recitals.**

    (a) Litigation, preparation and trial of this action may require the discovery of certain information, business records and other materials that a party may assert contains or constitutes confidential or proprietary information or

materials ("Confidential Information"). Discovery in this action may call for the production of such Confidential Information.

(b) Public dissemination of Confidential Information could seriously harm the parties' business and commercial interests and the public interest.

(c) Disclosure of Confidential Information to persons designated in this Stipulated Protective Order may be necessary to enable the parties fairly to prepare for litigation and trial of this matter.

(d) The Court enters this Protective Order so that the parties may litigate this action without jeopardizing their business and commercial interests, and the public's interest, in the confidentiality of Confidential Information, in order to protect against unauthorized disclosure of such information, and to ensure that such information will be used solely in the context of motion practice, the preparation for trial and/or trial of this action and shall not be used at any time for any other purpose whatsoever.

**2.     Scope of Protective Order.**

(a) All information produced in discovery by either party shall be used solely for the purposes of this litigation.

(b) The protections of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "material") produced or created in this action that contain Confidential Information, or information that the producing party is required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials. Said materials may be designated "Confidential" or "Highly Confidential." A party will only make these designations as to information or material that the party in good faith reasonably believes contains Confidential Information.

**3.     Disclosure of Confidential Materials.**

OHS West:260580308

(a) Materials designated "Confidential" or "Highly Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" or "Highly Confidential" shall be used solely in the context of motion practice, for the preparation of trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever.

(b) Material designated as "Confidential" by any producing party may be disclosed only to:

(i) The Court, its secretaries, clerks and law clerks;

(ii) Attorneys in a law firm involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants, agents and other staff actively involved in assisting in this litigation;

(iii) In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegal and legal assistants;

(iv) Officers, employees and/or agents of the parties assisting counsel in the preparation of the case for motion practice, for the purpose of trying this action or engaging in appellate proceedings, provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v) Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts") subject to paragraph 3(c).

(vi) Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons have previously seen or would have seen the Confidential Information in

the normal course of their employment. Such persons may only be exposed to such Confidential Information if they are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in materials designated as "Confidential";

    (vii) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

    (viii) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

    (ix) Parties to this action who are natural persons, including putative class and collective action members;

    (x) Individuals present in the Courtroom during the trial of this matter, if so ordered by this Court; and,

    (xi) Any other person as to whom the parties in writing agree.

    (c) Disclosure to experts or consultants pursuant to Paragraph 3(b)(v) is subject to the following conditions:

        (i) Any expert to whom Confidential Information is given, shown, disclosed, or made available shall sign a copy of an affidavit (in the form provided in Exhibit A to this Stipulation and Protective Order). It shall be the burden and responsibility of counsel for the party who is utilizing the expert or consultant's services to ensure that such expert or consultant signs Exhibit A prior to the disclosure of any Confidential Information;

        (ii) Counsel for the party utilizing the expert or consultant shall produce the affidavit to counsel for the party designating the Confidential Information within five (5) business days of the date on which the

expert is designated or, if the individual is not designated as an expert, within 15 days of the conclusion of the litigation.

### 4. Disclosure of Highly Confidential Materials.

Disclosure of information, documents or other material designated "Highly Confidential" may be made only to the same extent as permitted in sub-paragraphs 3(b)(i), (ii), (iii), (v), (vii), (viii), (x) and (xi), or during the deposition of a deponent who is a current or former employee or officer of the designating party or an FRCP 30(b)(6) designee thereof, so long as said deponent is not a current or former "Retail Merchandiser," and subject to the same requirements and limitations set forth in paragraph 3(c), including the requirement of executing a non-disclosure agreement in the form annexed hereto as Exhibit A prior to disclosure. "Highly Confidential" material may not be disclosed to or used by persons identified in subparagraphs 3(b)(iv), (vi) or 3(b)(ix) without the prior written consent of the designating party which shall not be unreasonably withheld. Failure to provide consent or non-consent within five (5) business days shall be deemed to constitute consent.

### 5. Designation of Materials as "Confidential" or "Highly Confidential."

(a) "Confidential" materials shall include only such information as the designating party in good faith contends should be protected pursuant to this Protective Order on the grounds that the information constitutes confidential or proprietary information, the disclosure of which, other than under the terms of this Protective Order, may cause harm to the public or to the commercial or business interests of the designating party. "Highly Confidential" materials include information that is proprietary information or a trade secret of the designating party, the disclosure of which, other than under the terms of this Protective Order, could place the designating party at a competitive disadvantage in its field or could impair

1  the value of the Highly Confidential material being designated. As part of the
2  "good faith" designation requirement, the parties will not "blanket" designate all
3  items produced or otherwise uncovered in the course of discovery as "Confidential"
4  or "Highly Confidential."

5      (b)    In making designations pursuant to this Protective Order, California
6  law shall govern.

7      (c)    The protection of this Protective Order may be invoked with respect to
8  any covered material in the following manner:

9      (i)    With respect to documents, the copy of the document when produced
10 shall bear the clear and legible designation "Confidential" or "Highly Confidential"
11 respectively on each page of the document;

12     (ii)    With respect to discovery requests or the responses thereto, the pages
13 of such requests or responses containing "Confidential" or "Highly Confidential"
14 materials shall be so marked, and the first page of the requests or responses shall
15 bear a legend substantially stating that "This Document Contains Confidential [or
16 Highly Confidential] Material";

17     (iii)    With respect to any deposition, Confidential or Highly Confidential
18 treatment may be invoked by: (1) declaring the same on the record at the deposition
19 with instructions to so designate the cover of the deposition transcript, or (2)
20 designating specific pages as "Confidential" or "Highly Confidential" and serving
21 such designations within seven (7) days of receipt of the transcript of the deposition
22 in which the designations are made. If such a large portion of a deposition is
23 deemed Confidential or Highly Confidential by a designating party as to render the
24 remaining transcript relatively minor, the designating party may designate the entire
25 transcript Confidential or Highly Confidential rather than only a portion thereof.

26     (d)    If a party inadvertently produces or discloses any "Confidential" or
27 "Highly Confidential" material without marking it with appropriate legend, it may
28 give notice to the receiving party that the information should be treated in

accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designations may be made as soon as possible after the discovery of the inadvertent production or disclosure. The non-designating party may challenge this designation as set forth in paragraph 10 of this Protective Order.

**6.     Filing and Serving of Court Papers.**

(a)    No "Confidential" or "Highly Confidential" materials shall be filed in the public record of this action. All material so designated in accordance with the terms of this Protective Order, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in accordance with Local Rule 79-5 in a sealed envelope or other container marked with the title of the litigation, an identification of the contents, and a statement substantially in the following form:

CONFIDENTIAL [or HIGHLY CONFIDENTIAL] – FILED UNDER SEAL

By Order of the United States District Court, Central District of California, this envelope is not to be opened and its contents are not to be displayed or revealed except by further Order of this Court.

All papers so filed shall be kept under seal by the Clerk of the Court until further Order of the Court. Where possible, only "Confidential" or "Highly Confidential" portions of filings with the Court shall be filed under seal. In the event that a party filed with the Court Confidential materials that are not under seal as provided above, any party may, in writing, request that the Clerk place such materials under seal.

(b)    All pleadings and other Court filings that contain "Confidential" or "Highly Confidential" materials shall include on the first page of such document,

and all copies thereof, a statement substantially to the effect that "This Document Contains Confidential [or Highly Confidential] Materials."

### 7. Use in Court Proceedings.

Nothing contained in this Protective Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential" or "Highly Confidential" material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards.

### 8. Handling and Disposition of Materials at Conclusion of Case.

All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraph 3, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of appeal, or by other means, each party to whom "Confidential" material was produced shall, at the election of the party receiving the materials, either: (1) return all documents and copies containing "Confidential" materials (including but not limited to copies in the possession or control of any expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

### 9. Reservation of Rights.

By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. This Protective Order shall not be construed as limiting in any way the right of any party to challenge a party's designation of any material "Confidential" or "Highly Confidential." This Protective Order shall not constitute a waiver of any

- 8 -

right to seek discovery of, or alternatively to resist discovery of, any material in this action. Designation of material as "Confidential" or "Highly Confidential" pursuant to this Protective Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents.

**10.   Challenge to Designation.**

A party (or aggrieved or otherwise interested entity permitted by the Court to intervene for such purposes) may apply to the Court or bring a motion for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential" is not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond.

Before bringing any such motion or application, the party (or aggrieved or otherwise interested entity that will seek to intervene for such purposes) believing material designated as "Confidential" or "Highly Confidential" is otherwise not entitled to such designation shall advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow five (5) business days for the designating party to respond. If the designating party does not modify its designation of the material, the provisions of this Protective Order shall continue to apply unless modified by the Court upon motion or application by any party.

**11.   Modification.**

Nothing in this Protective Order shall preclude any party from applying to the Court to modify this Protective Order, whether it be to augment or decrease the safeguards contained herein, after 10 days prior written notice to the other parties.

//
//
//
//

## 12. Retention of Jurisdiction.

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.

IT IS SO ORDERED.

Dated: 1/13, 2009

~~VALERIE BAKER FAIRBANK~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

- 10 -
OHS
West:260580308

PROTECTIVE ORDER

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE INGALLS, suing individually and on behalf of all others similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware Corporation, and defendants DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV08-04342 VBF (Ex)<br><br>CLASS/COLLECTIVE ACTION<br><br>EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

I declare under penalty of perjury under the laws of the State of California that I have read in its entirety the Stipulation and [Proposed] Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby consent to be subject to the jurisdiction of the above-captioned court with respect to any proceedings relating to enforcement of the Protective Order, including any proceeding relating to contempt of court.

Dated this _____ day of _____, 200____, at _____, California.

_____
Signature

Printed Name: _____  Affiliation: _____

Business Address: _____

Home Address: _____

## PROOF OF MANUAL SERVICE TO NON-CM/ECF USERS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017.

On January 13, 2009, I served the foregoing documents described as:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

on the following parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Kirk D. Hanson**
**Christopher J. Nelson**
**Beth J. Gilmore**
**GRACE HOLLIS & HANSON LLP**
**3555 Fifth Avenue**
**San Diego, CA 92103**

**Attorneys for Plaintiff Beverly Weaver**

☑ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Orrick, Herrington & Sutcliffe LLP, Los Angeles, California. I am readily familiar with Orrick, Herrington & Sutcliffe LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

Executed on January 13, 2009, at Los Angeles, California.

☑ (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                        /s/ Maggie St. Germain
                                        Maggie St. Germain